UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

KRIS M. WYNN,

                Petitioner,

v.

WILLIAM A. LEE,

                Respondent.

9:19-CV-0209
(BKS/CFH)

---

APPEARANCES:

KRIS M. WYNN
Petitioner pro se
14-A-1671
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

HON. LETITIA JAMES
Attorney for Respondent
New York State Attorney General
The Capitol
Albany, New York 12224

OF COUNSEL:

ALYSON J. GILL, ESQ.
Ass't Attorney General

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

### I. INTRODUCTION

Petitioner Kris Wynn filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as an application to proceed in forma pauperis ("IFP"). Dkt. No. 1, Petition ("Pet."); Dkt. No. 2, IFP Application. That same day, petitioner also submitted the statutory filing fee to the Court. Text Order dated 02/15/19. On February 21, 2019, this Court denied

petitioner's IFP application as moot and directed respondent to file an answer to the petition. Dkt. No. 3, Decision and Order.

On February 28, 2019, petitioner filed a motion to stay the case. Dkt. No. 4. On March 18, 2019, respondent filed a letter brief opposing the motion. Dkt. No. 5. For the reasons which follow, petitioner's motion to stay is denied.

## II. PENDING HABEAS PETITION

Petitioner challenges a 2014 judgment of conviction in Clinton County, upon a jury verdict, of two counts of third degree criminal sale of a controlled substance and three counts third degree criminal possession of a controlled substance. Pet. at 1-2; *see also People v. Wynn*, 149 A.D.3d 1252, 1253 (3rd Dep't 2017).[1] The New York State Supreme Court, Appellate Division, Third Department, affirmed the conviction on direct appeal and, on August 15, 2017, the New York State Court of Appeals denied leave to appeal. *Wynn*, 149 A.D.3d at 1257, *lv. denied*, 29 N.Y.3d 1136 (2017); *see also* Pet. at 2-3.

Petitioner also filed a motion to vacate his sentence pursuant to New York Criminal Procedure Law § 440.20 on January 29, 2018. Pet. at 3. The motion was denied on March 9, 2018. *Id.* at 3-4. Petitioner also filed a writ of error coram nobis. *Id.* at 4.[2] The Third Department denied the motion on September 20, 2018. *Id.* at 4-5; *People v. Wynn*, 32 N.Y.3d 1130 (2018). On December 10, 2018, the Court of Appeals denied leave to appeal. *Wynn*, 32 N.Y.3d at 1130.

---

[1] Citations to the petition refer to the pagination generated by CM/ECF, the Court's electronic filing system.

[2] The date the writ of error coram nobis was filed was not indicated in the petition.

Petitioner contends that he is entitled to federal habeas relief because (1) his warrantless arrest violated his Fourth Amendment rights (Pet. at 5-7) and (2) petitioner's appellate counsel was ineffective (*id.* at 7-8). For a more complete statement of petitioner's claims, reference is made to the petition.

## III. MOTION TO STAY

Petitioner asserts that his motion to stay should be granted in order

> to exhaust [his] final state remedy pursuant to CPL 440.10 based upon the following four off the records claims: (1) Unchallenged tip information that served as a basis of probable cause to arrest; (2) GPS information that was not admitted into evidence; (3) False statements and testimony utilized to procure the accusatory instruments in this case; and (4) ineffective assistance of trial counsel.

Dkt. No. 4 at 1. Specifically, petitioner contends that he has acquired "an affidavit from the Plattsburgh City Chief of Police which disproves the prosecutor's theory[.]" *Id.* Moreover, petitioner's underlying criminal conviction appears to be based, in part, on "GPS locational data admitted into evidence . . . however . . . according to said Chief's affidavit, this evidence does not exist." *Id.* Lastly, petitioner argues "the accusatory instruments . . . are based on the eyewitness accounts of a law enforcement officer who later testified that he did not possess the personal knowledge asserted previously in the instruments." *Id.*

In opposition to petitioner's motion, respondent contends that petitioner has failed to establish both that good cause exists for his failure to exhaust and that his claims are not plainly meritless. Dkt. No. 5. Specifically, respondent argues that petitioner previously filed a motion to vacate his judgment and a motion to set aside his sentence – neither of which raised the present arguments – and has presented no good reason for not advancing such

3

issues in earlier filings. *Id.* at 1. Moreover, respondent states that because "[p]etitioner offers virtually no facts, either in his application to stay the petition, or his habeas petition," it is impossible for the Court to determine if the claims are meritorious. *Id.* at 2. Most notably missing from petitioner's submissions, respondent claims, is the affidavit petitioner received from the Plattsburg City Chief of Police. *Id.*

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show both (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. While there is no exact definition of what constitutes good cause,

> [d]istrict courts in this Circuit have primarily followed two different approaches . . . Some courts find "that a petitioner's showing of 'reasonable confusion' constitute[s] good cause for failure to exhaust his claims before filing in federal court." . . . Other courts require a more demanding showing – that some external factor give rise to the petitioner's failure to exhaust the claims.

*Knight v. Colvin*, No. 1:17-CV-2278, 2019 WL 569032, at *4 (E.D.N.Y. Feb. 11, 2019) (internal citations omitted).

### A. Mixed Petition

As an initial matter, petitioner has failed to demonstrate the petition is "mixed". First, some of petitioner's assertions in his pending motion are not contained in the present habeas petition. Specifically, petitioner argues that the statements and testimony used to procure

4

the accusatory instruments in his underlying criminal case were false. Petitioner makes no mention of these alleged facts in his presently pending petition. This assertion does not render his petition "mixed" within the meaning of *Rhines*. *See, e.g., Hall v. Woods*, No. 7:07-CV-9264, 2012 WL 2864505, at *5 (S.D.N.Y. July 12, 2012) ("Since Hall's petition currently contains only exhausted claims, the Court cannot treat his petition as 'mixed' for purposes of considering a stay under *Rhines*. Hall's request for a stay is therefore premature. In order to assert his new . . . unexhausted claim, Hall must move to amend his petition[.]") (citations omitted); *Spells v. Lee*, No. 1:11-CV-1680, 2011 WL 2532907, at *1 (E.D.N.Y. June 23, 2011) (concluding that petitioner's motion to stay was "premature" because his "petition contain[ed] only exhausted claims" and he had not yet filed a motion to amend the petition to add the unexhausted claim); *Mills v. Girdich*, No. 1:03-CV-0341, 2008 WL 4371362, at *1 (W.D.N.Y. Sept. 17, 2008).

Further, petitioner claims the action must be stayed to advance an ineffective assistance of trial counsel claim. Dkt. No. 4 at 1. The pending habeas petition includes only a claim for ineffective assistance of appellate counsel.[3] Pet. at 7. However, petitioner also raised ineffective assistance of trial counsel as a ground for relief, which was subsequently decided on the merits, during petitioner's direct appeal. *Wynn*, 149 A.D.3d at 1256. Accordingly, "[b]y asserting the same . . . grounds for relief on direct appeal that the petitioner asserts here, petitioner has exhausted his state court remedies [and t]here is no need for a stay." *Pierre v. Ercole*, 594 F. Supp. 2d 469, 470 (S.D.N.Y. 2009); *see also Simpson v. Yelich*, 9:18-CV-0417 (GTS/TWD), 2018 WL 4153928, at *3 (N.D.N.Y. Aug. 30,

---

[3] Petitioner previously filed an application for a writ of error coram nobis; accordingly, petitioner seems to have also exhausted any claims of ineffective assistance of appellate counsel. Pet. at 4-5; *Wynn*, 32 N.Y.3d at 1130.

2018) ("The petition does not appear to be 'mixed' because . . . the grounds raised in the petition have been presented to the state courts.").

Finally, the most challenging analysis concerns the significance of Plaintiff's claim based on the affidavit from the Plattsburgh Chief of Police. Although Plaintiff did not attach the affidavit or describe when he received it, he asserts that the affidavit raises additional off-the-record claims which must now be exhausted through a collateral proceeding. Dkt. No. 4 at 1. The heart of his contention appears to be that the affidavit demonstrates that there was no GPS evidence and no probable cause to arrest him. *Id.* Petitioner has, however, exhausted his Fourth Amendment claim regarding his arrest. Petitioner's Fourth Amendment claim was dismissed on the merits during his direct appeal. *Wynn*, 149 A.D.3d at 1254 (respecting the court's credibility determinations during the suppression hearing finding that "the state trooper had probable cause . . . and he was therefore authorized to stop the vehicle . . . [in addition to] the wealth of information arising from the controlled buys, the court-authorized GPS monitoring of [petitioner's] vehicle and the validated tip from one of the Cis[.]"). It is thus not clear that his attempt to return to state court to place the Police Chief's affidavit on the record concerns an unexhausted claim.

The Sixth Circuit evaluated a similar situation where a petitioner "s[ought] to return to state court so that he c[ould] change the record before it and, hopefully, recommence federal habeas proceedings with a more favorable state court record." *Carter v. Mitchell*, 829 F.3d 455, 465 (6th Cir. 2016). Petitioner's argument in *Carter* was essentially that "*Rhines* permits stays for a petitioner to 'exhaust evidence' – in other words, to return to state court to submit additional evidence to buttress claims already exhausted[.]" *Id.* at 466. Ultimately, the Sixth Circuit disagreed, holding that petitioner's attempts "to use *Rhines* as an end-run around

6

*Pinholster* . . . [was inappropriate as a]llowing a petitioner to periodically . . . discover (or rediscover) information about himself would frustrate [AEDPA's finality] goal[.]" *Id.* at 467; *see also Waddy v. Robinson*, No. 3:98-CV-0084, 2013 WL 1898837, at *3 (S.D.Oh. June 18, 2013) ("*Rhines* does not support a stay to exhaust 'unexhausted evidence' which is to be offered in support of a claim that the state courts have already decided, particularly after an evidentiary hearing."), *supplementing order,* 2013 WL 3087294, at *1 ("[O]nce a habeas petitioner has received a state court decision on the merits of a federal constitutional issue – including the claim as framed to that court and the facts presented in support of that claim – the claim does not become 'unexhausted' because more [relevant] evidence is [later] found[.]").

In any event, petitioner has failed to establish good cause to conclude that staying the action is warranted at this time.

### B. Good Cause

Regardless of the approach this Court adopts, petitioner has not alleged any facts that would support a finding of good cause for failing to present all of his claims to the appropriate state courts prior to filing this petition. *Rhines*, 544 U.S. at 277. It appears that petitioner is relying on (1) the alleged affidavit exposing the non-existence of previously considered GPS evidence; (2) false statements supporting an accusatory instrument, which were then inconsistent with the subsequent trial testimony; and (3) the action (or inaction) of petitioner's trial counsel to serve as good cause supporting the instant motion. Dkt. No. 4 at 1. However, these arguments are unavailing for several reasons.

First, petitioner has not shown why the factual bases underlying all of these claims were not known to petitioner at the conclusion of his trial and direct appeal; therefore, they

7

are insufficient to support petitioner's present motion. *See Holguin v. Lee*, No. 1:13-CV-1492, 2013 WL 3344070, at *2 (S.D.N.Y. July 3, 2013) (denying stay where petitioner was aware of the underlying facts at the trial's conclusion).

Second, the petitioner has not ever alleged confusion, let alone reasonable confusion, regarding how exhaustion of his state claims worked. In fact, petitioner had already filed two motions collaterally attacking his criminal conviction prior to the present petition for habeas relief. Dkt. No. 5 at 1. Petitioner also correctly contended that exhaustion of off-the-record claims occurs via a collateral attack. Dkt. No. 4 at 1. Such assertions demonstrate that reasonable confusion cannot serve as the basis for good cause. *See Holguin*, 2013 WL 3344070, at *3 (holding petitioner was not reasonably confused on how to exhaust his claims where "he explicitly states in his motion that he is seeking a stay of his habeas petition so that he can exhaust his unexhausted claims in New York State Court."). Instead, petitioner provided no explanation to the Court for why he failed to exhaust his claims in the first place, especially where he had previously filed two motions collaterally attacking his criminal conviction. *See Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) ("Petitioner has not attempted to explain why he failed to exhaust, at an earlier time, either the unexhausted claims originally raised in his habeas petition or the new claims he wishes to add to his petition."); *McCrae v. Artus*, No. 1:10-CV-2988, 2012 WL 3800840, at *9 (E.D.N.Y. Sept. 2, 2012) (denying motion to stay where, "[e]ven assuming petitioner's trial counsel was deficient and that his appellate counsel was deficient for failing to raise certain issues on appeal, neither explains why petitioner came to federal court before filing a § 440 collateral attack or *coram nobis* petition."). This failure is fatal to petitioner's motion.

Third, petitioner has not shown any objective factor that was responsible for his failure

to previously exhaust. "District courts cannot grant petitioner a stay of his habeas petition for the sole reason that petitioner failed to bring his claim earlier." *Knight*, 2019 WL 569032, at *5 (internal quotation marks and citations omitted).

Fourth, and finally, this Court also agrees that federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *see also Rodriguez v. Griffin*, No. 9:16-CV-1037 (DNH), 2017 WL 1283766, at *2 (N.D.N.Y. Apr. 5, 2017).

Because petitioner failed to demonstrate good cause, the Court need not consider respondent's arguments that petitioner's claims are plainly meritless.[4] Accordingly, based on the foregoing, petitioner's motion to stay is denied.

## IV. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's motion to stay this action (Dkt. No. 4) is **DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Local Rules.

Dated: April 10, 2019

Brenda K. Sannes
U.S. District Judge

---

[4] The Court also notes, for the reasons set forth in respondent's brief, that petitioner's Fourth Amendment claim is not cognizable; therefore, a stay is not warranted. *See Stone v. Powell*, 428 U.S. 465 (1976).

9