**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

KRIS M. WYNN,

                Petitioner,

   v.                                            9:19-CV-0209
                                                       (BKS/CFH)
WILLIAM A. LEE,

                Respondent.

---

**APPEARANCES:**                              **OF COUNSEL:**

KRIS M. WYNN
Petitioner pro se
14-A-1671
Eastern NY Correctional Facility
Box 338
Napanoch, New York 12458

HON. LETITIA JAMES                         ALYSON J. GILL, ESQ.
Attorney for Respondent                     Ass't Attorney General
New York State Attorney General
The Capitol
Albany, New York 12224

CHRISTIAN F. HUMMEL
United States Magistrate Judge

## DECISION & ORDER

Pro se petitioner Kris Wynn commenced this action by filing a habeas corpus petition pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). On February 21, 2019, the Court ordered respondent to answer the petition. Dkt. No. 3. On February 28, 2018, petitioner filed a motion to stay. Dkt. No. 4. Respondent opposed the motion. Dkt. No. 5. On April 10, 2019, the Court denied the motion. Dkt. No. 7.

On April 29, 2019, petitioner filed a motion to amend his petition. Dkt. No. 8. On May 1, 2019, the Court denied petitioner's motion without prejudice and granted petitioner an additional thirty (30) days leave to re-file a proper motion to amend which complied with federal and local rules. Dkt. No. 9, Decision and Order dated 05/01/19 ("May Order"). On May 28, 2019, petitioner re-filed his motion and respondent did not oppose the motion. Dkt. No. 10; Dkt. No. 11. On June 13, 2019, the Court granted petitioner's motion and accepted the amended petition as the operative pleading. Dkt. No. 12, Decision and Order dated 06/13/19; *see also* Dkt. No. 13, Amended Petition ("Am. Pet.").

In petitioner's amended habeas petition, petitioner challenges a 2014 judgment of conviction rendered in Clinton County, upon a jury verdict, of two counts of third degree criminal sale of a controlled substance and three counts third degree criminal possession of a controlled substance. Am. Pet. at 1-2; *see also People v. Wynn*, 149 A.D.3d 1252, 1253 (N.Y. App. Div. 2017). The New York State Supreme Court, Appellate Division, Third Department, affirmed the conviction on direct appeal and, on August 15, 2017, the New York State Court of Appeals denied leave to appeal. *Wynn*, 149 A.D.3d at 1257, *lv. denied*, 29 N.Y.3d 1136 (2017).

In his amended petition, petitioner contends that he is entitled to federal habeas relief because (1) his warrantless arrest violated his Fourth Amendment rights (Am. Pet. at 4-5); (2) petitioner's appellate counsel was ineffective (*Id.* at 5-7); (3) there was no probable cause to support the issuance of the warrant because the information upon which it was issued was false (*id.* at 7-8); (4) petitioner's due process rights were violated because the prosecutor did not correct the false statements underlying the accusatory instrument (*id.* at 9-10); and (5)

2

the trial court never had jurisdiction to issue a warrant, therefore, the warrant was illegal and invalid (*id.* at 11-12).

On June 27, 2019, petitioner filed a second motion to stay the amended petition. Dkt. No. 14. Specifically, petitioner argued that the last three claims in his amended petition are unexhausted. *Id.* at 1-3.[1] Petitioner contends that he could only exhaust these claims via a motion pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"), and he acquired the proof necessary to bring said 440 motion recently, in April 2019. *Id.* at 2-6. Petitioner asserts that had he waited any longer to file the present habeas petition, his claims would have been in jeopardy because the termination of the statute of limitations was fast approaching; therefore, he filed this case prematurely, intending on also filing the 440 motion once he had gathered the necessary information. *Id.* at 2-3; Dkt. No. 14-2. However, as of the filing date of this Decision & Order, it does not appear that petitioner filed a 440 motion. "Respondent has no objection to petitioner's application but does not waive any defenses it may raise in response to the habeas petition." Dkt. No. 15.

When a district court is presented with a "mixed petition" containing both exhausted and unexhausted claims, it may dismiss the petition without prejudice or retain jurisdiction over the petition and stay further proceedings pending exhaustion of state remedies. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). This "stay and abeyance" procedure should be "available only in limited circumstances" where the petitioner can show (1) "good cause" for failing to "exhaust his claims first in state court" and (2) that his unexhausted claims are not "plainly meritless." *Id.* at 277. A stay may become "the only appropriate course [of action] in

---

[1] Citations to the parties' submissions refer to the pagination generated by CM/ECF, the Court's electronic filing system.

cases . . . where an outright dismissal could jeopardize the timeliness of collateral attack." *Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001); *see also Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) ("[T]here is no reason why a district court should not retain jurisdiction over a meritorious claim and stay further proceedings pending the complete exhaustion of state remedies [especially] . . . when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of the AEDPA's 1-year limitations period."); *Evans v. Senkowski,* 228 F. Supp. 2d 254, 261 (E.D.N.Y. 2002) ("In sum, [the Second Circuit] holds that a mixed petition, filed on the eve of the running of the AEDPA statute of limitations, should be stayed rather than dismissed.").

Under the circumstances presented in this case, the Court finds that a stay is warranted. For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). In this case, petitioner's conviction became final on November 13, 2017, ninety days after the New York Court of Appeals denied leave to appeal. Petitioner had until November 13, 2018 to file a timely habeas petition. Petitioner's original petition was signed February 6, 2019.[2] Although it appears that the petition is untimely, it was statutorily tolled during the time period of petitioner's first 440 motion (from January 19, 2018 through March 9, 2018) and his writ for error coram nobis (from September 20, 2018 through December 10, 2018). However, dismissal of the petition

---

[2] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988).

without prejudice at this point would result in any future petition being subject to dismissal as time-barred. Moreover, the Court cannot say, based on the current submissions, that petitioner's claims are plainly meritless or that he engaged in any dilatory tactics. *Rhines*, 544 U.S at 278.

Therefore, petitioner's motion to stay his petition is granted. However, it should be noted that federal courts should not "be turned into a jurisdictional parking lot for unexhausted claims." *Hust v. Costello*, 329 F. Supp. 2d 377, 380 (E.D.N.Y. 2004) (internal quotation marks omitted); *Zarvela*, 254 F.3d at 381 (addressing "the concern about excessive delays in seeking exhaustion and . . . returning to federal court . . . by allowing a habeas petitioner no more than reasonable intervals of time to present his claims to the state courts and to return to federal court after exhaustion.").

Therefore, petitioner must file proof with this Court that he has commenced a 440 action within the **next thirty (30) days**. Moreover, petitioner must advise the Court in writing **every thirty (30) days** of the status of the pending state court proceeding, including the date upon which any decision is reached.

**Within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application has reached a decision, petitioner must notify the Court in writing of the decision. **Petitioner is cautioned that if he fails to comply with the terms of this Decision and Order, the stay shall be immediately lifted and the file returned to the Court for further proceedings**.

**WHEREFORE**, it is hereby

**ORDERED**, that petitioner's motion to stay his petition (Dkt. No. 14) is **GRANTED**; and

it is

**ORDERED**, that petitioner must advise the Court in writing and attach proof of commencement of a 440 action, asserting the three unexhausted claims in his amended petition, **within thirty (30) days of the date of this Decision and Order**; and it is further

**ORDERED**, that, from the date of petitioner's submission of proof of filing his 440 motion, petitioner must advise the Court in writing **every thirty (30) days**, on the status of the pending state court application, including the date upon which any decision is reached; and it is

**ORDERED**, that **within thirty (30) days** of the date upon which the final state court capable of reviewing petitioner's application reaches a decision, petitioner must notify the Court of that decision; and it is

**ORDERED**, that <u>if petitioner fails to comply with the terms of this Decision and Order, the stay will be immediately lifted and the file returned to the Court for further proceedings</u>; and it is

**ORDERED**, that no response to the petition will be required until petitioner completes exhaustion of his unexhausted claim and the stay is lifted, or until the stay is lifted pursuant to the preceding ordering paragraph; and it is

**ORDERED**, that the Clerk serve a copy of this Decision and Order upon the parties in accordance with the Court's Local Rules of Practice.

**IT IS SO ORDERED.**

Dated: July 18, 2019
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge