UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KRIS M. WYNN,

                                        Petitioner,                      9:19-cv-209 (BKS/CFH)

v.

WILLIAM A. LEE,

                                        Respondent.
_____

**Appearances:**

*Petitioner pro se:*
Kris M. Wynn
14-A-1671
Eastern NY Correctional Facility, Box 338
Napanoch, NY 12458

*For Respondent:*
Letitia James
Attorney General of the State of New York
Paul B. Lyons
Assistant Attorney General, of Counsel
28 Liberty Street
New York, NY 10005

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On February 15, 2019, Kris Wynn filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 2014 judgment of conviction, upon a jury verdict, of two counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the third degree. (Dkt. No. 1). Petitioner filed a second amended petition, the operative petition, on September 22, 2020. (Dkt. No. 38). Respondent

opposed the second amended petition and filed the applicable state court records, (Dkt. Nos. 48–50), and Petitioner filed a traverse in support of his petition, (Dkt. No. 56). This matter was assigned to United States Magistrate Judge Christian F. Hummel who, on December 12, 2022, issued a Report-Recommendation recommending that the petition be denied and that no Certificate of Appealability be issued. (Dkt. No. 58). Petitioner timely filed objections to the Report-Recommendation. (Dkt. No. 62).[1] For the following reasons, the Court adopts the Report-Recommendation in its entirety.

## II. STANDARD OF REVIEW

The Court reviews de novo those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection is one that identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (citation omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ." *Machicote v. Ercole*, No. 06-cv-13320, 2011 WL 3809920, at *2, 2011 U.S. Dist. LEXIS 95351, at *4 (S.D.N.Y. Aug. 25, 2011) (citation omitted). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Molefe*, 602 F. Supp. 2d at 487. To the extent a party makes "merely

---

[1] This District's Local Rules provide that objections to a Magistrate Judge's report-recommendation "may not exceed twenty-five (25) pages without the Court's prior approval." N.D.N.Y. L.R. 72.1(c). Petitioner's objections are 34 pages. While the Court does not condone Petitioner's noncompliance with the Local Rules, the Court has considered the entirety of Petitioner's submission out of an abundance of deference to his pro se status.

2

perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" set forth in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) (citations and internal quotation marks omitted).

**III.    DISCUSSION**

The petition raises four grounds for relief: (1) the state court's determination that probable cause existed for Petitioner's warrantless arrest was based on "non-evidence," (2) the prosecutor "presented evidence of unrelated incidents" to the grand jury, resulting in a lack of jurisdiction and an unauthorized arrest warrant, (3) the felony complaint and the indictment rest on "false material information" and the prosecutor failed to "take corrective action," and (4) ineffective assistance of trial counsel. (Dkt. No. 38, at 5–13). After carefully considering each of these claims, Magistrate Judge Hummel recommended that the petition be denied. (*See generally* Dkt. No. 58). The Court assumes familiarity with the Report-Recommendation and the facts underlying the petition, as summarized in the Report-Recommendation, and considers Petitioner's objections in the context of each asserted ground for relief in turn.

**A.    Ground One: Fourth Amendment Claim**

Petitioner's first asserted ground for relief is that his Fourth Amendment rights were violated because the state court's probable cause determination for warrantless arrest rested on "an imaginary informant tipster's information, nonexistent GPS locational data, and a roadside canine alert which turned up no contraband after an immediate vehicle search." (Dkt. No. 38, at 5).[2] Magistrate Judge Hummel concluded that Petitioner's Fourth Amendment challenge to his

---

[2] The second amended petition frames this as a "substantive due process violation," (Dkt. No. 38, at 5), but Petitioner acknowledges in his traverse this his argument "boils down to a complaint about the state courts' denial of [his] Fourth Amendment right," (Dkt. No. 56, at 5).

3

arrest was barred by *Stone v. Powell*, 428 U.S. 465 (1976), because New York law provides for a full and fair opportunity to litigate Fourth Amendment claims and Petitioner took advantage of that opportunity. (Dkt. No. 58, at 19–31). Magistrate Judge Hummel rejected Petitioner's argument that his Fourth Amendment claim is not barred by *Stone* because there was an "unconscionable breakdown" in the state's corrective mechanism due to Detective Maggy's allegedly perjured grand jury and suppression hearing testimony, noting that Petitioner "was able to challenge the validity of his arrest at every stage." (*Id.* at 27).

Petitioner now objects to Magistrate Judge Hummel's statements that (1) "it is not clear whether Detective Maggy's testimony was perjured," (2) "Detective Maggy did not use the term 'other' during the suppression hearing," and (3) "it is plausible that Detective Maggy was referring to [the two identified confidential informants] as the confidential informant who" gave the tip on the day of Petitioner's arrest. (Dkt. No. 62, at 4–8; *see* Dkt. No. 58, at 24–25). Petitioner further argues that the state provided no fair process for the testing of his allegations of perjury. (Dkt. No. 62, at 9–11).

Pursuant to *Stone*, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in [violation of the Fourth Amendment] was introduced at his trial." 428 U.S. at 482; *accord Graham v. Costello*, 299 F.3d 129, 133–34 (2d Cir. 2002). Following *Stone*, review of Fourth Amendment claims in habeas petitions is permissible only: "(a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." *Capellan v. Riley*, 975 F.2d 67, 70 (2d

4

Cir. 1992) (citing *Gates v. Henderson*, 568 F.2d 830, 840 (2d Cir. 1977) (en banc)); *accord Hirsh v. McArdle*, 74 F. Supp. 3d 525, 532–33 (N.D.N.Y. 2015). Examples of an "unconscionable breakdown" in the underlying procedure include "the bribing of a trial judge, the government's knowing use of perjured testimony, or the use of torture to extract a guilty plea, all without opportunity to obtain state review." *Cepeda v. Morton*, No. 19-cv-2444, 2020 WL 6382052, at *5, 2020 U.S. Dist. LEXIS 203019, at *15 (S.D.N.Y. Oct. 30, 2020) (citation omitted); *see also Singh v. Miller*, 104 F. App'x 770, 772 (2d Cir. 2004) (summary order) ("[T]he focus of the inquiry . . . is on 'the existence and application of the corrective procedures themselves' rather than on the 'outcome resulting from the application of adequate state court corrective procedures.'" (quoting *Capellan*, 975 F.2d at 71)).

As Petitioner concedes, to avoid *Stone*'s bar of his Fourth Amendment claim, there must have been an "unconscionable breakdown" in New York's corrective procedures to redress the alleged Fourth Amendment violation. The Court need not resolve Petitioner's objections to Magistrate Judge Hummel's findings about whether Detective Maggy's testimony at the suppression hearing was perjured because, even assuming Detective Maggy gave perjured testimony and the state could be charged with knowingly using that testimony, the Court agrees with Magistrate Judge Hummel that Petitioner has not demonstrated an unconscionable breakdown in the corrective procedures New York affords to redress alleged Fourth Amendment violations. As Magistrate Judge Hummel notes, Petitioner "was able to challenge the validity of his arrest at every stage," including by cross-examination of Detective Maggy at the suppression hearing, cross-examination of Detective Bell, raising the Fourth Amendment issue on direct appeal, and raising the issue in his post-conviction motion to vacate the judgment. (Dkt. No. 58, at 27–31). That Detective Maggy may have given false testimony "does not mean that New York

State provided [Petitioner] with 'no corrective procedures at all' to redress the alleged Fourth Amendment violation[]," and Petitioner was free to challenge Detective Maggy's testimony at the suppression hearing. *Cf. Hernandez v. Filion*, No. 05-cv-4046, 2005 WL 3164063, at *6, 2005 U.S. Dist. LEXIS 29700, at *16–17 (S.D.N.Y. Nov. 29, 2005) (holding that claim of perjury by officers during a suppression hearing did "not avoid the bar of *Stone*" where the petitioner "was free to make any arguments he wished during the hearing to attack the credibility of the officers" and it could not "be said that the alleged perjury caused [the petitioner] to be 'precluded from using' the suppression hearing mechanism"); *see also Wallace v. Artus*, No. 05-cv-567, 2006 WL 738154, at *7 n.6, 2006 U.S. Dist. LEXIS 12396, at *21 n.6 (S.D.N.Y. Mar. 23, 2006) (concluding that "alleged perjury does not constitute an unconscionable breakdown in the suppression hearing process").

Petitioner does not raise any specific objections to the Report-Recommendation in this regard. Petitioner instead argues, for the first time, that he was not provided with a fair process for raising his allegations of perjury because his motion to vacate was denied on the basis that the issue of probable cause had already been raised on direct appeal despite Petitioner's presentation of a new affidavit from the chief of police indicating that no "other" confidential informants were involved in Petitioner's case. (Dkt. No. 62, at 9–11). The Court need not consider this argument, which Petitioner did not raise in his petition or traverse. *Fox v. Lee*, No. 15-cv-390, 2019 WL 1323845, at *1, 2019 U.S. Dist. LEXIS 48967, at *4–6 (N.D.N.Y. Mar. 25, 2019) (noting that a district court "will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance" and collecting cases); *cf. Parker v. Smith*, 858 F.Supp.2d 229, 233 n.2 (N.D.N.Y. 2012) ("To the extent that petitioner's traverse could be read to raise new arguments that are not in his petition, they will not be

6

considered because a traverse or reply is not the proper pleading in which to raise additional grounds for habeas relief."). In any event, the Court notes that, after his motion to vacate was denied, Petitioner had the opportunity to, and did, file a motion for leave to reargue and seek permission to appeal to the Appellate Division, Third Department. (Dkt. No. 49-1, at 542–55, 726). Thus, the record "reveals no disruption or obstruction of a state proceeding typifying an unconscionable breakdown." *Love v. Superintendent of Otisville Corr. Facility*, No. 16-cv-2937, 2017 WL 4233011, at *6, 2017 U.S. Dist. LEXIS 159519, at *18 (E.D.N.Y. Sept. 22, 2017) (quoting *Capellan*, 975 F.2d at 70) (internal quotation marks omitted).

Accordingly, because Petitioner was not precluded from availing himself of the state's corrective procedures to address the alleged Fourth Amendment violation, his Fourth Amendment claim is not cognizable.

### B.      Grounds Two and Three: Grand Jury Claims and Prosecutor's Conduct

Petitioner argues in the second ground for relief that the state court did not obtain jurisdiction over counts 1–4 in the indictment because these counts were not charged in the original felony complaint, leading to a "snowball effect" of violations of Petitioner's procedural due process rights. (Dkt. No. 38, at 8). In the third ground, Petitioner argues that the felony complaint and indictment were legally insufficient because they rely on the "false material information provided by Detective Chris Maggy" and that the prosecutor violated Petitioner's due process rights by "fail[ing] to take corrective action." (*Id.* at 10–11). Magistrate Judge Hummel concluded that these claims are not cognizable for habeas review, because Petitioner's claims that "the prosecutor erred in raising the January 9 and 10 incidents to the grand jury, that the indictment was invalid, and that he was improperly arraigned before arrest are based on New York's Criminal Procedure laws." (Dkt. No. 58, at 32–35; *see id.* at 33 (noting that Petitioner's claims are "clearly based on state law")). With respect to the merits of Petitioner's claims,

Magistrate Judge Hummel noted that (1) a grand jury may return an indictment for offenses other than those designated at the beginning of the proceeding, (2) Petitioner's jury conviction renders any defects in the grand jury proceedings harmless beyond a reasonable doubt, and (3) the fact remains that Petitioner was indicted, arrested, and arraigned on all five counts, securing the court's jurisdiction. (*Id.* at 34–35).

Petitioner now objects that the Report-Recommendation "overlooked the central point, which is that the actions of the state prosecutor triggered core constitutional interests when he failed to properly introduce unrelated crimes (controlled buys) into the criminal action before the commencement of the grand jury proceeding," and that Magistrate Judge Hummel's determination that state-created rights are not cognizable on habeas review is "incorrect." (Dkt. No. 62, at 11–12). Petitioner argues, as he did in his traverse, that New York Criminal Procedure Law vests defendants with a protected liberty interest subject to protection under the Fourteenth Amendment's Due Process Clause. (*Id.*). However, Magistrate Judge Hummel already considered, and correctly rejected, this argument. (Dkt. No. 58, at 32–34). Petitioner's arguments with regard to the grand jury proceedings and indictment are based on state law, and "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citations omitted). Further, as Magistrate Judge Hummel noted, "[c]hallenges to state indictments will merit habeas corpus relief only in the exceptional case where the indictment fails to satisfy the basic due process requirements: notice of the time, place, and essential elements of the crime." *Nordahl v. Rivera*, No. 08-cv-5565, 2013 WL 1187478, at *5, 2013 U.S. Dist. LEXIS 40430, at *16–17 (S.D.N.Y. Mar. 21, 2013) (citations omitted). Petitioner does not challenge that he received these basic due process requirements, and his claims relating to the sufficiency of the grand jury proceedings are therefore not cognizable.

Petitioner further objects that the Report-Recommendation "conflated" grounds two and three, emphasizing that ground three of the petition claims that the prosecutor "violated due process when he failed to correct the false testimony of Det. Maggy at crucial stages of the proceedings." (Dkt. No. 62, at 20–22). However, the petition makes clear that Petitioner's argument is that Detective Maggy gave false testimony in the felony complaint and before the grand jury and gave truthful testimony at the suppression hearing and trial. (Dkt. No. 38, at 10–11). Thus, because Detective Maggy gave truthful testimony at the suppression hearing and trial, Petitioner's argument that his conviction was "obtained through use of false testimony" is misplaced. (Dkt. No. 62, at 21 (citing *Napue v. Illinois*, 360 U.S. 264, 269 (1959))).[3] And, as Magistrate Judge Hummel noted, any error in the grand jury proceeding was rendered "harmless beyond a reasonable doubt" by the petit jury's subsequent conviction. (Dkt. No. 58, at 35 (citation omitted)). Petitioner's objection is therefore without merit.

### C.   Ground Four: Ineffective Assistance of Counsel

In ground four, Petitioner argues that he was deprived of the effective assistance of counsel as guaranteed by the Sixth Amendment because his trial counsel failed to (1) investigate the elements of probable cause, (2) submit "sure-fire motions to dismiss the indictment," and (3) impeach Detective Maggy. (Dkt. No. 38, at 12–13). Magistrate Judge Hummel determined, as an initial matter, that Petitioner's "present ineffective assistance of counsel claims have not been reviewed on the merits" and therefore must be reviewed by this Court de novo. (Dkt. No. 58, at

---

[3] In any event, the Court notes that "the use of, or the failure to correct, false testimony does not rise to the level of a constitutional violation 'unless it can be said that there was a reasonable likelihood that the testimony affected the judgement of the jury or that it may have had an effect on the outcome of the trial.'" *Casillas v. Murray*, 662 F. Supp. 2d 300, 320 (W.D.N.Y. 2009) (quoting *Clark v. Irvin*, 844 F. Supp. 899, 908 (N.D.N.Y. 1994)). As Respondent noted in his memorandum of law, three law enforcement officers "testified to actually seeing petitioner produce the bag of heroin from his trousers." (Dkt. No. 50, at 33 (citing Dkt. No. 49-2, at 805–06, 809–17, 922–23, 953–57)). Thus, even if Detective Maggy had falsely testified at the suppression hearing or trial that he personally observed Petitioner produce the bag of heroin from his pants, it cannot be said that such testimony would have had a material effect on the outcome of the trial.

36–37). Magistrate Judge Hummel then concluded that Petitioner had not shown that trial counsel's "pre-trial investigative performance was deficient," because trial counsel "attempted to uncover the identities of any confidential informants involved in the case prior to trial" and "cross-examined Detective Maggy about the January 29 phone call," and there is "no indication in the record that GPS documents were created from the tracking of petitioner's vehicle." (*Id.* at 38–41). Further, Magistrate Judge Hummel found that Petitioner had not shown prejudice from any failure to investigative, noting the evidence supporting a finding of probable cause to arrest, the fact that the January 29 tip was not discussed at trial, and other evidence supporting the prosecution's case. (*Id.* at 41–42). Next, Magistrate Judge Hummel concluded that trial counsel was not deficient for failing to move to dismiss the indictment on procedural grounds or because of Detective Maggy's alleged false testimony, noting that such a motion "would not have been meritorious" and, in any event, Petitioner's conviction "cured any potential defects." (*Id.* at 42–44). Finally, Magistrate Judge Hummel found no deficiency in trial counsel's attempts to impeach Detective Maggy, noting that cross-examination "is a trial strategy that is not intended to be second guessed by habeas review." (*Id.* at 44–46).

In his objections, Petitioner generally disputes whether there was probable cause to support his arrest, but raises no specific objection to the Report-Recommendation's determination that trial counsel's investigative efforts did not fall below an objective standard of reasonableness and that Petitioner had not demonstrated prejudice. (*See* Dkt. No. 62, at 22–28).[4]

---

[4] Petitioner argues that Magistrate Judge Hummel incorrectly found or assumed that the January 29 tip was provided by one of the two identified confidential informants. (Dkt. No. 62, at 25–26; *see also* Dkt. No. 58, at 25 (finding it "plausible that Detective Maggy was referring to Peters or Sawyers as the confidential informant who called him on January 29, 2013")). However, Magistrate Judge Hummel's statement regarding the "plausibility" that Detective Maggy's testimony referred to a known confidential informant played no role in his analysis of Petitioner's ineffective assistance of counsel claim. (Dkt. No. 58, at 37–42).

The Court has therefore reviewed this portion of the Report-Recommendation for clear error, and finds none.

With regard to trial counsel's alleged failure to move to dismiss the indictment, Petitioner similarly rehashes his arguments that such a motion would have been meritorious because the prosecutor improperly presented evidence on unrelated incidents to the grand jury and because the indictment rested on the materially false grand jury testimony of Detective Maggy. (*Id.* at 28–33). Magistrate Judge Hummel already considered and rejected these arguments. (Dkt. No. 58, at 42–44). Specifically, Magistrate Judge Hummel determined that (1) a motion to dismiss the indictment based on the prosecutor's presentation of evidence relating to the January 9 and 10 incidents would not be meritorious because "a prosecutor is entitled to present allegations to a grand jury that are not included in the felony complaint," and (2) there was no indication that the trial court would have granted a motion to dismiss the indictment based on Detective Maggy's testimony and that, in any event, Petitioner's conviction "cured any potential defects." (*Id.* at 43–44). Petitioner raises no specific objections to this analysis, which the Court has therefore reviewed for clear error and found none.

Finally, Petitioner objects to the Report-Recommendation's finding that trial counsel "attempted to impeach Detective Maggy" at trial with his grand jury testimony. (Dkt. No. 62, at 33–35 (citing Dkt. No. 58, at 45)). Petitioner argues that trial counsel's performance was deficient because counsel did "not endeavor to submit the false testimony into evidence" and that an "attempt[]" to impeach is insufficient. (*Id.* ("Either he impeached him, or he did not.")). However, as noted by Magistrate Judge Hummel, "[d]ecisions whether to engage in cross-examination, and if so to what extent and in what manner, are . . . strategic in nature" and, "if reasonably made, will not constitute a basis for an ineffective assistance claim." *United States v.*

11

*Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987). Courts are "reluctant to find unreasonable conduct in defense counsel's cross-examination strategy absent grave error falling below the required professional standard." *Salcedo v. Artuz*, 107 F. Supp. 2d 405, 417–18 (S.D.N.Y. 2000). Petitioner's trial counsel cross-examined Detective Maggy, questioned him about his contradictory grand jury testimony, and elicited a concession that Detective Maggy did not personally observe Petitioner in possession of the heroin recovered from his person after his arrest. (Dkt. No. 49-2, at 738–40). The Court cannot say that this was an objectively unreasonable trial strategy tainted by "grave error," even if Petitioner wishes that trial counsel had pursued further questioning or admitted the conflicting testimony and felony complaint into evidence. *Cf. Salcedo*, 107 F. Supp. 2d at 417–18 (rejecting ineffective assistance of counsel claim based on trial counsel's "fail[ure] to fully investigate the prosecution's witnesses, as evidenced by his failure to use documents during cross-examination"); *Rodriguez v. Smith*, No. 13-cv-2522, 2015 WL 4429333, at *1–2, 2015 U.S. Dist. LEXIS 94473, at *3–5 (E.D.N.Y. July 20, 2015) (rejecting ineffective assistance of counsel claim premised on trial counsel's failure to "properly protest or impeach" a witness's testimony). Further, the Court agrees with the Report-Recommendation's conclusion that Petitioner has not shown that trial counsel's cross-examination of Detective Maggy was prejudicial. Thus, Petitioner's ineffective assistance of counsel claim on this ground is denied.

## IV.   CONCLUSION

Having reviewed the remainder of the Report-Recommendation for clear error and found none, the Court adopts it for the reasons stated therein.

For these reasons, it is hereby

**ORDERED** that the Report-Recommendation (Dkt. No. 58) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the second amended petition (Dkt. No. 38) is **DENIED and DISMISSED**; and it is further

**ORDERED** that no Certificate of Appealability ("COA") is issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 6, 2023
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge